IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILFRED L. ANDERSON, MD, | ) | CASE NO. 1: 19 CV 780 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JUDGE PETER J. CORRIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Wilfred Anderson filed the above-captioned action against Cuyahoga County Common Pleas Court Judge Peter J. Corrigan contesting the criminal contempt ruling made by Judge Corrigan during the course of a civil action the Plaintiff brought in State Court against Luann Mitchell and the Cuyahoga Metropolitan Housing Authority. *See Wilfred L. Anderson v. Cuyahoga Metropolitan Housing Authority*, Case No. CV-14-820828. The Judge held the Plaintiff in contempt based on the Plaintiff's violation of Ohio's vexatious litigator statute, and he imposed monetary fines and a 50-day jail sentence on the Plaintiff. The Eighth District Court of Appeals reversed the Judge's contempt ruling, finding the Judge abused his discretion in imposing criminal sanctions on the Plaintiff rather than other sanctions specified in Ohio's vexatious litigator statute. Plaintiff asks this Court to prohibit Judge Corrigan from conducting a hearing on Plaintiff's alleged violation of a civil protection order, and transfer the case to Judge Shannon Gallagher.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is **DENIED**.

This is the tenth case Plaintiff has filed in this federal court against Cuyahoga County Common Pleas Court Judges, the Ohio Eighth District Court of Appeals or Mitchell since 2014.[1] Six of them were filed in the past three months. Each case contests the Ohio Courts' findings that he is a vexatious litigant or its decisions in other cases. Although the Court dismissed the first 4 cases under 28 U.S.C. § 1915(e), informing him Judges are immune from damages, and this Court cannot overturn a state court judgment, rehear issues decided by the state court, particularly on matters of state law, or interfere in on-going state court proceedings, Plaintiff continued to file cases in this Court against the same Defendants pertaining to the same matter and seeking the same type of relief. This case is no different. He is once again seeking relief from a state court judgment by bringing an action against the judge that issued the judgment.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our

---

[1] *See Anderson v. Mitchell*, No. 1:14 CV 276 (N.D. Ohio July 29, 2014)(Gaughan, J.); *Anderson v. Eighth App. Dist. Ct. of Appeals of Ohio*, No. 1:15 CV 1457 (N.D. Ohio Aug. 28, 2015)(Gwin, J.); *Anderson v. Corrigan*, No. 1:17 CV 2352 (N.D. Ohio Mar. 12, 2018)(Boyko, J.); *Anderson v. Gaul*, No. 1:17 CV 2451 (N.D. Ohio Mar. 8, 2018)(Boyko, J.); *Anderson v. Mitchell*, 1:19 CV 1011 (N.D. Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gaul*, No. 1:19 CV 1012 N.D. Ohio filed May 6, 2019)(Adams, J.); *Anderson v. Gallagher*, No. 1:19 CV 1072 (N.D. Ohio filed May 13, 2019)(Oliver, J.); *Anderson v. Celebreeze*, No. 1:19 CV 1079 (N.D. Ohio filed May 14, 2019)(Boyko, J.); *Anderson v. Mitchell*, No. 1:19 CV 1178 (N.D. Ohio filed May 21, 2019).

duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, this Court has determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner. As an initial matter, Plaintiff did not pay the filing fee and asks the Court to grant his Application to Proceed *In Forma Pauperis* to waive payment. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis,* however, is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam).[2] Plaintiff has abused the privilege of proceeding as a pauper by filing repetitive frivolous cases against Judge Gaul, Judge Corrigan, Judge Gallagher, Judge Celebreeze and Mitchell. His Application to Proceed *In Forma Pauperis* is denied. He may not proceed with this action unless he pays the entire filing fee of $400.00. Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may enjoin

---

[2] *See also Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010).

him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED** and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3] Plaintiff may file a Motion to Reopen the case, within thirty (30) days of the date of this Order, if he pays the full filing fee of $400.00 prior to or contemporaneously with the filing of the Motion. This Court will not accept any documents for filing in this case, including the Motion to Reopen the Case, unless and until the full filing fee is paid. The Clerk's Office is instructed to return, unfiled, any document submitted without the filing fee.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2019

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.